## (June 14, 1960)

■ The People of the State of New York ex rel. Eddie Hodges against Harry Silberglitt, as Warden of the City Prison, Borough of Manhattan.— Motion for an order modifying the order of this court entered May 18, 1960 granted, the appellant having complied with the terms and conditions contained in the order to show cause, dated May 31, 1960. Respondent's points are to be served and filed on or before June 14, 1960 and the appeal is to be argued or submitted on June 16, 1960. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ In the Matter of the Appointment of a Committee of the Person and Property of Rebie L. Allen (Mauceli), an Alleged Incompetent Person, Appellant. Frederick L. Allen, Jr., Respondent.— Motion for a stay denied. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ In the Matter of the Arbitration between Leah Mandel et al., Appellants, and Hollowbrook Lake Association, Inc., et al., Respondents.— Order denying application to stay arbitration unanimously reversed, on the law, with $20 costs and disbursements to petitioners-appellants, and the motion to stay arbitration is granted, with $10 costs. The relationship between the parties is governed by a uniform deed and by the by-laws of the membership association. While these documents are separate physically, the deed mandates membership in the association and both are tied together expressly and by intention in tandem fashion. As a consequence, the practical vice in the demand in this proceeding is that the provisions of the uniform deed purporting to limit the aggregate assessment which may be imposed upon the grantee would be subject, in effect, to arbitration. This result is purportedly authorized by a majority vote adopting the written by-law in the membership association, and without any parallel written consent to arbitration of the deed provisions. This unusual result is not permissible because an agreement to arbitrate in order to be valid must be supported by an unequivocal consent in writing (Civ. Prac. Act, § 1449; *Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.]*, 306 N. Y. 288). Under the circumstances, then, no party may be bound to an arbitration of the kind sought in this matter in the absence of written consent to arbitrate the relevant provision of the uniform deed. On this analysis one does not reach the question whether a membership association may provide for arbitration with respect to its affairs by a vote merely sufficient to amend its by-laws. Thus too, it may be that the arbitration provision in question is valid for the determination of any dispute which does not involve a construction of the uniform deed. Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.

■ Manuel Barcelo, Respondent, v. Horn & Hardart Company et al., Defendants, and Harlem River Truckmen & Riggers, Inc., Appellant.— Judgment appealed from is unanimously reversed, on the law and on the facts, and a new trial is ordered, with costs to abide the event. Upon a prior appeal in this case we held that the verdict was contrary to the weight of the credible evidence. The additional evidence introduced by plaintiff upon the second trial was so insignificant and insubstantial that a similar disposition of this appeal is dictated. We again hold that the verdict was contrary to the weight of the credible evidence. Concur — Botein, P. J., Rabin, Valente, Stevens and Noonan, JJ.