■ SCARLET COHEN et al., Respondents, v HALLMARK CARDS, INC., Appellant and Third-Party Plaintiff. KEN HEYMAN, Third-Party Defendant.— Judgment, Supreme Court, New York County, entered March 3, 1976, after a jury trial which, *inter alia,* awarded plaintiffs punitive damages in the total amount of $50,000, reversed, on the law, insofar as appealed from, to the extent of deleting the awards for punitive damages. Appellant shall recover of respondents $60 costs and disbursements of this appeal. Ken Heyman, a professional photographer, had used Scarlet Cohen and her infant daughter as models and had taken photographs of them in October, 1966 for commercial use. In 1971, Hallmark Cards, Inc., purchased photographs of the plaintiffs from Heyman, who assured Hallmark that he had obtained model releases for use of the pictures. The contract between

Heyman and Hallmark stated in pertinent part: "All original photographs which you provide shall not infringe upon the rights of others". Hallmark utilized these photographs in its publication entitled "Love Is Now". On December 8, 1971 the plaintiffs, through counsel, wrote to Hallmark that its publication of the photographs constituted an invasion of privacy. The letter also demanded that all further publication of the photographs cease and that all copies already distributed be recalled. Hallmark did not respond to this letter but rather wrote to the photographer Heyman, referred to the December 8 letter, and requested photocopies of the model releases. Heyman, on the advice of his own attorney, did not respond to Hallmark's letter. However, it is clear that, prior to and throughout this lawsuit, Heyman consistently maintained that Scarlet Cohen signed releases for both herself and her infant daughter. The plaintiffs instituted this lawsuit seeking compensatory and punitive damages pursuant to sections 50 and 51 of the Civil Rights Law. The jury verdict awarded $1 compensatory damages, $35,000 punitive damages to Scarlet Cohen, and $15,000 punitive damages to her daughter. This appeal is only related to the award of punitive damages. Section 51 of the Civil Rights Law, *inter alia,* allows for exemplary damages to be awarded upon proof of knowing use of a person's picture without prior written consent. In the case at bar, Hallmark relied on the representations of the professional photographer that a written release was executed. When Hallmark received the letter from plaintiffs' counsel, it already had begun publication and incurred considerable expenditures of money. Hallmark had to weigh the written contract it had with a professional photographer, and his representation to them that he had obtained written releases, against an attorney's letter notifying Hallmark of an alleged impermissible use of certain photographs. Under these circumstances, we find that there was insufficient evidence submitted to the jury to warrant a finding of knowing use of a photograph without written consent within the intendment of section 51 of the Civil Rights Law (cf. *Time, Inc. v Hill,* 385 US 374, 390). Concur—Lupiano, J. P., Silverman and Lane, JJ.; Birns and Lynch, JJ., dissent in the following memorandum by Lynch, J. We dissent and would affirm. Section 51 of the Civil Rights Law provides injunctive and compensatory relief for any person whose picture is used for trade purposes without written consent first having been obtained and, if knowingly used by defendant, "the jury, in its discretion, may award exemplary damages". Defendant printed the plaintiffs' picture in "Love Is Now" after it had purchased photographs from a professional photographer without having been given a copy of a model's release or even seeking one. When it received plaintiffs' letter complaining of an invasion of privacy only one of two printings of the book had been released to the public. Nonetheless, and without any response from the photographer to defendant's request for copies of model releases, defendant ordered a third printing of the book. After the plaintiffs had instituted this action and over the following nine months, still without a response from the photographer, defendant ordered printings four and five released to the public printings two through five, all with the offending picture. The defendant's unabated publication without a model's release, after the claim of invasion of privacy, together with the photographer's lack of response to its demand, was sufficient to permit the jury's inference of the defendant's "knowing impertinence" rather than mere "misapprehension of evidence of approval" (*Roberts v Conde Nast Pubs.,* 286 App Div 729, 730). The jury had ample warrant to find that the defendant proceeded with "reckless disregard of the truth", a course of action equitable with knowing misconduct (*Time, Inc. v Hill,* 385 US 374,

390). In view of defendant's steadfast course of repeated printings and publications, its financial resources, and the economic success of "Love Is Now", the exemplary damages awarded are not excessive as a matter of law (see *Toomey v Farley,* 2 NY2d 71).