■ SCARLET COHEN, et al., Respondents, v HALLMARK CARDS, INC., Appellant and Third-Party Plaintiff. KEN HEYMAN, Third-Party Defendant.—On remittitur from the Court of Appeals *(Cohen v Hallmark Cards,* 45 NY2d 493) for a review of the facts, the judgment of the Supreme Court, New York County, entered March 3, 1976, after a jury trial, awarding plaintiff Cohen $1 compensatory damages and $35,000 punitive damages and plaintiff Zacker $1 compensatory damages and $15,000 punitive damages, is modified, on the facts and in the exercise of discretion, to the extent of reversing and remanding for a new trial on the issue of punitive damages claimed by plaintiff Cohen only, unless she, within 20 days after service upon her of a copy of the order herein with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor on the claim of punitive damages to $15,000, and to the entry of an amended judgment in accordance therewith. Except, as so modified, the judgment is affirmed, without costs or disbursements. If plaintiff Cohen so stipulates, the judgment as so amended and reduced is affirmed, without costs or disbursements. In our original review of this case, we outlined the pertinent facts and found as a matter of law that plaintiffs

did not submit sufficient evidence to "warrant a finding of knowing use of a photograph without written consent within the intendment of section 51 of the Civil Rights Law" *(Cohen v Hallmark Cards,* 58 AD2d 770, 771). We have now, on remittitur, been directed to review the facts within the guidelines enunciated by the Court of Appeals *(Cohen v Hallmark Cards,* 45 NY2d 493, 500, *supra).* Within those guidelines, we are unable to say that the verdict of the jury that Hallmark had knowingly violated section 51 of the Civil Rights Law is against the weight of the evidence. We find, however, in the exercise of our discretion, that the exemplary damages awarded to the plaintiff Cohen were grossly excessive and the award should be reduced accordingly (see *Nardelli v Stamberg,* 44 NY2d 500, 504). Concur —Lane, Lupiano and Silverman, JJ.

Birns, J. P., and Lynch, J., dissent in part and would affirm for the reasons stated in their dissent on the original appeal. (See *Cohen v Hallmark Cards,* 58 AD2d 770, 771-772.)