■ CARMELLO LUPPINO, an Infant, et al., Appellants, v JOHN S. BUSHER, JR., et al., Respondents. — In a negligence action to recover damages for personal

injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Stolarik, J.), entered March 31, 1982, which was in favor of the defendants on the ground that the infant plaintiff did not suffer injury within the meaning of subdivision 4 of section 671 of the Insurance Law, after a special verdict that the injuries did not constitute a significant disfigurement. Judgment reversed, on the facts, and new trial granted, with costs to abide the event. Although the issue of whether physical injury is "serious", within the meaning of subdivision 4 of section 671 of the Insurance Law, is ordinarily a question of fact to be determined by the jury (see, e.g., *Simone v Streeben*, 56 AD2d 237, 239), the special verdict in this case was against the weight of the credible evidence. Accordingly, a new trial is granted (see *Graham v Pokur Packing*, 49 AD2d 938). Mollen, P. J., Weinstein and Rubin, JJ., concur.

Titone, J., concurs in part and dissents in part, with the following memorandum: In my view, the jury's conclusion that the infant plaintiff did not suffer a significant disfigurement is "utterly irrational" and could not be reached upon any view of the evidence (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). I would, therefore, hold that significant disfigurement was established as a matter of law and remit for a new trial only on the remaining issues of liability and damages (cf. *O'Boyle v Avis Rent-A-Car System,* 78 AD2d 431, 439). The permanency of the following conditions was uncontested: (1) the blue lines ("traumatic tattoos") near the nose and right eye; (2) the scarring and white and blue discoloration on the inside of the lower lip; (3) the large area of the skin at the right shoulder to right chest area which will burn when exposed to the sun but never tan; (4) the raised, bumpy and shiny scar at the right elbow; and (5) the empty space in the mouth caused by the horizontal impaction of the permanent incisor and the probability that the tooth cannot be saved. Since neither the existence nor the permanency of the disfigurements is disputed, the only factual issue is their evaluation, i.e., whether as an entirety they reach the level of being "significant". A new trial will not elicit new facts as to the disfigurements. In such circumstances, the distinction between the "fair interpretation [as] the criterion for weight of the evidence" and "[r]ationality * * * [as] the touchstone for legal sufficiency" (*O'Boyle v Avis Rent-A-Car System, supra,* p 439), fades. It would be anomalous to permit a new jury to decide that the disfigurements were not significant when we have concluded (at the least) that such evaluation cannot be made on any fair interpretation of the same evidence that was presented to the prior jury. In fact, were it to do so, we would again be compelled to set aside the verdict and direct still another trial (e.g., *Politi v Irvmar Realty Corp.,* 13 AD2d 469; *Barcelo v Horn & Hardart Co.,* 11 AD2d 651). We should not hesitate to exercise the power to order judgment notwithstanding the verdict where the matter involves the threshold issue of serious injury in a no-fault case. As stated in *Licari v Elliott* (57 NY2d 230, 237), by enactment of subdivision 4 of section 671 of the Insurance Law, the Legislature intended that "the court * * * decide in the first instance whether plaintiff has a cause of action to assert within the meaning of the statute" (see, also, *Hezekiah v Williams,* 81 AD2d 261). While *Licari* and *Hezekiah* were cases where the injuries were so minimal as to require dismissal of the actions, the same principle should apply as well to cases on the other end of the spectrum where the injuries clearly fall within one of the categories listed in the statute.