■ DENNIS BADER, Respondent, v SYLVIA SANTANA et al., Appellants. — Judgment unanimously reversed, on the law, without costs, and complaint dismissed. Memorandum: Defendants appeal from a judgment following a jury verdict awarding plaintiff $60,000 damages for injuries resulting from negligence in the "use or operation" of an automobile. The underlying issue is whether plaintiff made out a prima facie case of serious injury (Insurance Law, § 671, subds 3, 4; § 673, subd 1), sufficient to entitle him to have the question submitted to the jury (see *Licari v Elliott,* 57 NY2d 230, 237; *Thrall v City of Syracuse,* 96 AD2d 715, 716, revd on dissenting opn 60 NY2d 950). For purposes of this appeal, serious injury is defined and limited to "significant limitation of use of a body function or system" (Insurance Law, § 671, subd 4). "[T]he word 'significant' as used in the statute * * * should be construed to mean something more than a minor limitation of use * * * [A] minor, mild or slight limitation of use should be classified as insignificant within the meaning of the statute" (*Licari v Elliott, supra,* p 236). Here, it was established that plaintiff suffered an objectively verifiable injury consisting of second degree burns primarily to his back and right arm covering 15% of his body, which required his hospitalization for six days during which he received extensive treatment, including the use of pigskin allografts as a biological dressing over the area of the burns. He complained of pain and difficulty in sleeping for several weeks and the medical testimony confirmed that pain invariably is associated with this type of injury and its treatment. Plaintiff's complaints of limitation consisted of an inability to raise his arm over his head because of the pain. His medical expert testified that "from a pain point of view" plaintiff had a "significant limitation of motion" and that "it would hurt"

plaintiff to raise his arm. Plaintiff who was not prescribed any medication for pain following his release from the hospital stated that while at home he "couldn't raise my arm up" because "it would pull where the scab was", and that upon lifting anything high he experienced a "sting" in his shoulders for "a month, two months" after he returned to work. He claims no permanent limitation or suffering. According to his doctor plaintiff was able to return to work two weeks after the accident without any restriction or limitation. Plaintiff in fact returned to work within three weeks of the accident and although he experienced some discomfort in the performance of his duties he has been steadily employed since that time.

The proof in this case established that plaintiff sustained a painful nonpermanent injury which temporarily limited his ability to abduct his arm. He was not incapacitated from moving his arm and his injuries never exceeded a "mild limitation" of a bodily function and his pain never "went beyond mere temporary discomfort" (*Licari v Elliott,* 57 NY2d 230, 239, *supra*).

Although the question of the existence of a "serious injury" is often left to the jury, "[it] is incumbent upon the court to decide in the first instance whether plaintiff has a cause of action to assert within the meaning of the statute" (*Licari v Elliott,* 57 NY2d 230, 237, *supra; see Jones v Sharpe,* 99 AD2d 859, affd 63 NY2d 645; *Hezekiah v Williams,* 81 AD2d 261, 266). In our view, plaintiff did not establish a prima facie case of serious injury since he did not show he suffered more than "a minor, mild or slight limitation of use" (*Licari v Elliott, supra,* p 236). We find it unnecessary to consider other issues raised by defendants on this appeal. (Appeal from judgment of Supreme Court, Erie County, Fudeman, J. — negligence.) Present — Dillon, P. J., Callahan, Green, Moule and Schnepp, JJ.