■ CAROL BRENNAN et al., Respondents, v BAUMAN & SONS BUSES, INC., Appellant, et al., Defendants. — In a negligence action to recover damages for personal injuries, etc., defendant Bauman & Sons Buses, Inc., appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated April 6, 1983,

which granted plaintiffs' motion to set aside the jury verdict in favor of said defendant and directed a new trial on the issue of whether the alleged injuries were permanent, and, if so, the amount of damages sustained by the plaintiffs.

Order reversed, on the law and the facts, with costs, motion denied, jury verdict reinstated, and matter remitted to the Supreme Court, Nassau County, for entry of a judgment in appellant's favor.

As a result of a three-car automobile collision, plaintiff Carol Brennan claimed to have sustained a serious injury in the form of a permanent loss of use of a body function or system (see Insurance Law, former § 671, subd 4, now § 5102, subd [d]). Although three physicians testified on behalf of plaintiffs, and although appellant did not present any evidence to controvert this testimony, the jury nevertheless concluded that plaintiffs had not met their burden of proof. Special Term, in setting aside the verdict in favor of appellant, found that the evidence preponderated so greatly in plaintiffs' favor, that the jury could not have reached the verdict it did on any fair interpretation of the evidence. We disagree and reinstate the verdict.

By the trial court's own instructions regarding expert witnesses and credibility, the jury was informed that they were at liberty to either reject or accept the testimony which had been presented. "If everything or anything had to be believed in court simply because there is no witness to contradict it, the administration of justice would be a pitiable affair" (*Punsky v City of New York,* 129 App Div 558, 559; *Matter of Nowakowski,* 2 NY2d 618).

Plaintiff Carol Brennan, as a result of the accident, claimed to have sustained a cerebral concussion with postconcussion syndrome, cervical sprain with radiculitis, intermittent pain in the neck, back, and head regions, and blurring of vision.

A review of the testimony of plaintiff Carol Brennan's physicians reveals that the medical opinions rendered were largely based on her subjective indications of pain. This court has held that the category of serious injury relied upon by her relates to injuries of an objective nature (see *Hezekiah v Williams,* 81 AD2d 261, 265). Moreover, the evidence discloses that the results of many examinations performed on plaintiff Carol Brennan were entirely within normal limits, and that she consistently had full range of motion. A large number of the injuries listed by her in her verified bill of particulars were not only not borne out by the proof adduced, they were virtually disproven. Much of the testimony was speculative and though it was informative in a general sense, it in no way described the injuries sustained by her in this particular accident.

A new trial will not elicit new facts (see *Luppino v Busher,* 97 AD2d 499, 500). Moreover, the policy of the No-Fault Law (Insurance Law, art 51), which contemplated the reduction and not the increase in the volume of automobile negligence litigation, will not be furthered by another trial which would merely duplicate the testimony already presented to a fair-minded jury (see *Sanders v Rickard,* 51 AD2d 260; *Licari v Elliot,* 57 NY2d 230).

We have also reviewed the court's charge to the jury with respect to the definition of serious injury under the Insurance Law, and we find plaintiffs' contention that it was inadequate and confusing to be without merit. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.