■ JAMES A. CANGEMI, Respondent, v LOUIS R. COLE, JR., Appellant. — Order unanimously reversed, on the law, without costs, and defendant's motion granted. Memorandum: Defendant moved for summary judgment dismissing the complaint in this automobile negligence action on the ground that plaintiff had not sustained a serious injury within the meaning of section 5102 of the Insurance Law (formerly § 671). Special Term denied the motion and defendant appeals. We reverse. Neither party objected to the use on this motion of the unsworn physician's reports. It appears from the reports that the only serious injury claimed by the plaintiff was to his shoulder. Six weeks after the accident, plaintiff had full passive range of motion of his shoulder, although he complained of "pain with abduction." When

seen by his attending physician seven months following the accident, he had full active range of motion of the shoulder and his injury was not expected to be permanent. As the result of the accident, plaintiff lost no time from his regular duties in the office of the auto workers' union but stated that he had to refuse overtime as a rigger because of the injury to his shoulder. The reports demonstrate that plaintiff did not suffer a "significant limitation of use of a body function or system" (Insurance Law, § 5102, subd [d] [formerly § 671, subd 4]; *Licari v Elliott,* 57 NY2d 230, 236; *Thrall v City of Syracuse,* 96 AD2d 715, revd for reasons stated in dissenting mem of Justice Moule 60 NY2d 950; see *Bader v Santana,* 106 AD2d 858). (Appeal from order of Supreme Court, Onondaga County, Balio, J. — summary judgment.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.