■ SAMUEL KUPFER et al., Appellants, v BRIAN DALTON et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Amann, J.), entered April 11, 1989, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The instant action arose as a result of a rear-end collision which occurred on the morning of July 29, 1981, between the taxi owned and driven by the plaintiff, Samuel Kupfer, and a motor vehicle owned by the defendant Interlease America Corp., and driven by the defendant Brian Dalton. The plaintiffs alleged, *inter alia,* that Samuel Kupfer sustained serious physical injury.

Contrary to the plaintiffs' contentions, we find that the verdict is supported by the record and based on a fair interpretation of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Nicastro v Park,* 113 AD2d 129). Here, the conflicting medical testimony adduced at the trial created sharp questions of fact regarding, among other things, whether Samuel Kupfer sustained a herniated disc and whether he was suffering from severe lower back pain attributable to the instant accident. These questions are traditionally left to the trier of fact *(see, Buchberger v Barrack,* 151 AD2d 632). Additionally, the jury was entitled to credit the defendants' witnesses and to discredit the plaintiffs' witnesses. On this record, there was an ample basis for the jury to find that certain portions of Samuel Kupfer's testimony were unworthy of belief *(see, Lopez v Marcus,* 137 AD2d 665).

The plaintiffs maintain that the court's failure to submit to

the jury the threshold issue of serious injury under the no-fault insurance law and its failure to marshal the evidence constitute reversible error. However, the plaintiffs did not make any related requests to charge, nor was any exception taken to the court's failure in these regards, rendering the issues unpreserved for appellate review *(see, Bowles v City of New York,* 154 AD2d 324; *Loucas v A & A Trucking Co.,* 134 AD2d 326). In any event, upon this record, there is no error of a fundamental nature which would serve as the basis for the invocation of our interest of justice jurisdiction.

We are also unpersuaded by the plaintiffs' argument that the court erred in giving a missing witness charge with respect to Dr. Jukowitz and Dr. Schuman, two physicians who previously treated Samuel Kupfer. It is well settled that such a charge should be given where the witness is under the plaintiffs' control and is in a position to give substantial, not merely cumulative, evidence. "Control" is used in a very broad sense and includes a witness under the party's influence or one whom it may be naturally inferred is of good will to the party, such as his physician. However, former physicians may or may not be under the control of the party. The burden is on the party opposing the inference to show that the witness is not under his or her control *(see, Wilson v Bodian,* 130 AD2d 221, 234-235; *Chandler v Flynn,* 111 AD2d 300).

Dr. Jukowitz was the physician whom Samuel Kupfer twice consulted immediately after his accident and before seeking the services of Dr. Finck (his expert witness, referred to him by his counsel). Dr. Schuman was the physician who performed a myelogram test on Samuel Kupfer which yielded negative results regarding the existence of a herniated disc. In light of the plaintiffs' failure to demonstrate that these doctors were not under his control, and since both doctors were in a position to give substantial noncumulative evidence, the court properly gave the missing witness charge *(see, e.g., Safdie v City of New York,* 138 AD2d 361).

We further find that the court did not improvidently exercise its discretion in denying the plaintiffs' request to present Dr. Kroll as a rebuttal witness at the close of all the evidence *(see, Kapinos v Alvarado,* 143 AD2d 332). The evidence that the plaintiffs sought to present could have been presented during their direct case and would have merely served to bolster the testimony of the plaintiffs' expert *(see, Kapinos v Alvarado, supra; Gobbelet v Hit Cycle Corp.,* 121 AD2d 682).

The plaintiffs' remaining contentions have been considered

and have been found either to be unpreserved for appellate review, or without merit. Brown, J. P., Harwood, Miller and Ritter, JJ., concur.