■ JOANNE MEYER, Appellant, v UNITED STATES LIFE INSURANCE COMPANY et al., Respondents.—Order, Supreme Court, New York County (Alice Schlesinger, J.), entered March 19,

1991, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

While the failure of an insurer and its agent to follow Insurance Department Regulations when issuing a replacement life insurance policy for an existing policy may estop them from raising as a defense to liability under the replacement policy, the insured's material misrepresentation on the application therefor *(Tannenbaum v Provident Mut. Life Ins. Co.,* 41 NY2d 1087), we agree with the IAS court that the evidence here is insufficient, as a matter of law, to support such an estoppel. The affidavit of plaintiff's attorney, the only one submitted in opposition to defendants' motions for summary judgment was made without personal knowledge, contains only conclusory allegations, and is of no probative value *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338). As a result, it is left undisputed that the policy procured was not replacement insurance for an existing policy, that the decedent made misrepresentations of a material nature as to his prior health history in the application, and that neither the insurer nor its agent acted knowingly against the decedent's interest in violation of insurance law *(see, Trainor v John Hancock Mut. Life Ins. Co.,* 54 NY2d 213; *Farley v Metropolitan Life Ins. Co.,* 127 AD2d 99).

We have reviewed plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Asch and Kassal, JJ.