■ Lucy Perez, Appellant, v Didier X. Rousseau et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: Plaintiff was involved in an automobile accident with defendant Rousseau on August 11, 1986, and with defendant Hobler on February 18, 1987. She commenced two separate actions, alleging that she had suffered a serious injury. The actions were tried together and the jury returned a verdict in favor of defendants, finding that plaintiff had not sustained a serious injury. Plaintiff's motion to set aside the verdict was denied. She appeals from that order and from the judgments dismissing her complaints and contends that the jury's finding was against the weight of the evidence. We disagree.

The existence of a serious injury is generally a matter for the jury's determination (Kupfer v Dalton, 169 AD2d 819; Bader v Santana, 106 AD2d 858; Luppino v Busher, 97 AD2d 499). The jury's verdict should not be set aside as against the weight of the evidence "unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion (Montana v Smith, 92 AD2d 732) or if the verdict is one which reasonable persons could have rendered after re-

ceiving conflicting evidence *(Harris v Armstrong,* 97 AD2d 947, *affd* 64 NY2d 700)" *(Petrovski v Fornes,* 125 AD2d 972, 973, *lv denied* 69 NY2d 608). We must review the evidence in the light most favorable to the party prevailing at trial *(see, Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376, 379; *Robillard v Robbins,* 168 AD2d 803, 805, *affd* 78 NY2d 1105) and should set aside the verdict only if it is wholly irrational *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499, *on remand* 70 AD2d 509; *Restey v Victory Mkts.,* 127 AD2d 987, *lv denied* 69 NY2d 613).

The jury's conclusion that plaintiff did not suffer a serious injury is not irrational. Plaintiff presented no proof of permanent loss of use of a body function or system and did not sustain any injury to a body organ or member *(see, Daviero v Johnson,* 110 Misc 2d 381, *affd* 88 AD2d 732). The jury, moreover, could have concluded that plaintiff's limitation of movement was not significant. Plaintiff's attending physician testified that plaintiff's disability was mild to moderate and her own testimony revealed that her pain was significantly diminished and her degree of flexion had improved within two years of the first accident.

We have considered the other issues raised by plaintiff and find them to be lacking in merit. (Appeal from Judgment of Supreme Court, Niagara County, Joslin, J.—Negligence.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.