■ REPUBLIC OF CROATIA et al., Appellants, v TRUSTEE OF THE MARQUESS OF NORTHAMPTON 1987 SETTLEMENT, Respondent. [610 NYS2d 263] —Order and judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered November 18, 1993, which, after a jury rendered a verdict against the Republic of Croatia and the Republic of Hungary, dismissed all claims, counterclaims and cross claims against the Trustee of the Marquess of Northampton 1987 Settlement, unanimously affirmed, without costs. Order, same court and Justice, entered November 5, 1993, which dismissed all claims, cross claims and counterclaims against Sotheby's, unanimously affirmed, without costs. Judgment, same court and Justice, entered November 18, 1993, which reversed Croatia's second cross claim against the Trustee and Sotheby's, unanimously affirmed, without costs. Appeals from the orders, same court and Justice, entered on or about September 15 and 28, 1993, unanimously dismissed as subsumed within the above appeals, without costs.

The factual issues to be resolved at trial were whether Croatia or Hungary could prove by a preponderance of the evidence that the Treasure was discovered within its borders and whether the Trustee purchased the Treasure in good faith. When the Trustee decided to forego a bona fide purchaser defense after Croatia and Hungary rested, the court determined that the only issue to be resolved at trial was whether Croatia or Hungary could prove an ownership interest in the Treasure, there being no burden on the Trustee to prove that his title to the Treasure was valid. Croatia and Hungary argue that the court erred in refusing to shift the burden of proof so as to require the Trustee to substantiate his claim of title once Croatia and Hungary established prima facie their rights to possession of the Treasure. They assert that because of this erroneous position regarding the burden of proof, the trial court improperly precluded evidence that would have placed doubts on the validity of the Trustee's title and improperly instructed the jury that the Trustee bore no burden of proof.

Croatia's and Hungary's reliance on *Guggenheim Found. v Lubell* (153 AD2d 143, *affd* 77 NY2d 311) is misplaced. There the possessor's claim to title was based on a good faith purchase; here it was an issue of fact whether Croatia or Hungary have a possessory right to the Treasure at all, and the Trustee disclaimed any reliance on his bona fide purchaser status. Under these circumstances, the burden was solely on

Croatia and Hungary to prove the find-site of the Treasure, and thus their claims of error lack merit.

Since the inception of this case, Sotheby's has asserted no ownership claim to the Treasure, has not sought to retain possession of the Treasure, and, to the contrary, has repeatedly sought to deposit the property into court. Once it became clear that Sotheby's joinder as a party was unnecessary to resolve the title dispute between Croatia, Hungary and the Trustee, the trial court properly dismissed Sotheby's from the case.

Croatia's fraud claims were properly dismissed prior to trial since defendants' nondisclosure of information regarding the Treasure prior to November 1989 could not constitute actionable fraud in the absence of a confidential or fiduciary relationship between the parties (*East 15360 Corp. v Provident Loan Socy.*, 177 AD2d 280, 281). Contrary to Croatia's argument, no duty to disclose arose as a result of Sotheby's decision to comply with the Code of Practice of the Control of Trading in Works of Art by inquiring of 29 countries as to whether the Treasure was stolen. In addition, Sotheby's disclosures between November 1989 and February 1990 are not actionable since Croatia cannot plead detrimental reliance. As aptly noted by the IAS Court, as a result of Sotheby's news release, Yugoslavia commenced an investigation in February 1990, and Croatia cannot say how it was damaged as a result of the delay between November 1989, when Sotheby's commenced its inquiry into whether the Treasure was stolen, and February 1990. Furthermore, Croatia's damage claim regarding loss of the use of the Treasure, including revenues that might have been generated by its display, is entirely speculative and therefore not compensable in a fraud action.

Croatia was properly precluded at trial from submitting evidence showing wrongful acts or omissions by Sotheby's in withholding possession of the Treasure from Croatia since Croatia's claim for damages for such wrongful possession, which was sought in the alternative if Sotheby's and the Trustee failed to deliver possession of the Treasure, was rendered academic by the preliminary injunction assuring that possession of the Treasure would be awarded to any claimant who prevailed in the replevin. Furthermore, as already noted, Croatia's alternative damage claim for loss of use of the Treasure is speculative.

Croatia's and Hungary's additional claims of error with respect to the trial court's evidentiary rulings are also unper-

suasive. The gist of these claims is that the trial court improperly excluded evidence proffered by them while at the same time affording the Trustee enormous leeway. The trial court properly exercised its discretion in precluding evidence that was not probative of the Treasure's find-site or was extremely speculative including, *inter alia,* Hungary's expert testimony concerning the Polgardi Tripod and some of Hungary's evidence concerning the police investigation into the death of Joseph Sumegh. The court also properly excluded scientific evidence where plaintiffs failed to provide the Trustee with the underlying data including, *inter alia,* Hungary's experts' testimony concerning scientific testing of the Polgardi Tripod and Hungary's soil samples and Croatia's expert's testimony concerning soil sample studies. Croatia's objections to the admission of the Trustee's invoices and a photograph showing a Croatian witness depicting the size of a piece of the Treasure are unpreserved. In addition, there is no merit to Hungary's and Croatia's argument that the court erred in refusing to permit Dr. Houghton to testify as a rebuttal witness where Hungary should have called that witness during its case in chief *(Rosseland v Hospital of Albert Einstein Coll. of Medicine,* 158 AD2d 409).

We also find unconvincing Hungary's and Croatia's arguments that they were deprived of a fair trial by the court's marshalling of the evidence. In marshalling the evidence, as requested by Croatia, the court was not precluded from addressing inconsistencies and weaknesses in any party's evidence. We note the court instructed the jury that the jury's recollection of the facts controlled.

We have considered Croatia's and Hungary's remaining contentions and find them to be without merit. Concur—Carro, J. P., Kupferman, Asch, Nardelli and Williams, JJ.