■ DESPINA MENGISOPOLOUS, Appellant, v WILLIAM DERLETH

et al., Respondents. (And a Third-Party Action.) [625 NYS2d 607] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated May 19, 1993, which, upon a jury verdict in favor of the defendants and against her, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondent and third-party defendant appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the jury's determination that she did not suffer a serious injury was supported by a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). Based on contradictions in the testimony of the plaintiff's witnesses, the jury could have reasonably determined that portions of their testimony were unworthy of belief (see, Kupfer v Dalton, 169 AD2d 819; Lopez v Marcus, 137 AD2d 665).

Further, the court acted within its discretion when it prevented certain witnesses from testifying at the beginning of trial as "the order of introducing evidence and the time when it may be introduced are matters generally resting in the sound discretion of the trial court" (Feldsberg v Nitschke, 49 NY2d 636, 643).

The plaintiff's contention that the court erred in not ordering the defendants to disclose pretrial surveillance tapes is meritless because (1) the plaintiff never requested such tapes, (2) the tape which the defendants proposed to show at trial was revealed to the plaintiff at a prior proceeding, (3) the plaintiff failed to object when the tape was mentioned during trial, and (4) the tape was never shown at trial.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.