■ CORRIE L. GREENE, Respondent, v FRONTIER CENTRAL SCHOOL DISTRICT et al., Appellants. (Appeal No. 1.) [627 NYS2d 491] —Judgment unanimously reversed on the law without costs, motion granted in part and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendants appeal from a judgment awarding plaintiff $252,013 plus interest, costs, and disbursements based upon a jury verdict finding defendants liable for a "serious injury" sustained by plaintiff in a bus accident. Defendants' primary contention is that plaintiff failed to establish that she suffered a "significant limitation of use of a body function or system" and thus Supreme Court should have set aside the jury verdict on that ground. Defendants also contend that the court improperly denied their request for a collateral source hearing; that the verdict was the product of juror misconduct and improper outside influences; and that the court's instructions were improper.

We conclude that the jury's finding of serious injury is supported by sufficient evidence. Although the court has a threshold obligation to decide in the first instance whether

plaintiff has a cause of action within the meaning of the No-Fault Law *(see, Licari v Elliott,* 57 NY2d 230, 237), where the parties proffer conflicting medical evidence, the existence of a serious injury is a matter for the jury's determination *(see, Perez v Rousseau,* 190 AD2d 1040, 1040-1041; *Kupfer v Dalton,* 169 AD2d 819). A verdict should not be set aside unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence or unless the verdict is not one that reasonable persons could have rendered after receiving conflicting evidence *(see, Perez v Rousseau, supra,* at 1040-1041; *see generally, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499). On a motion to set aside the jury verdict, or on appeal from denial of such motion, the court must review the evidence in the light most favorable to the party prevailing at trial *(see, Perez v Rousseau, supra).*

Reviewing the evidence in the light most favorable to plaintiff, we conclude that it is sufficient to support the jury's finding that she suffered a significant limitation, i.e., a debilitating herniation of her C5 to C6 disc, as a result of the accident. Three physicians testified for plaintiff that a CT scan and MRI revealed that plaintiff had a ruptured disc, thus verifying her complaints of extreme pain and limitation of movement. The three physicians testified that plaintiff's problems were attributable to the bus accident and merely exacerbated by subsequent traumatic incidents in December 1989 and February 1993.

We nonetheless conclude that the court erred in denying that part of the motion of defendants seeking a hearing concerning reduction of the jury's award of $25,000 for plaintiff's future medical expenses by the amount of any collateral source payments *(see,* CPLR 4545 [c]). Inasmuch as plaintiff failed to controvert defendants' assertion that plaintiff is entitled to indemnification for future medical expenses under a certain policy of insurance, defendants may be entitled to a reduction of the judgment *(see,* CPLR 4545 [c]; *see generally, Abar v Freightliner Corp.,* 208 AD2d 999). Consequently, we reverse the judgment, grant defendants' motion in part and remit the matter to Supreme Court for a collateral source hearing, following which judgment is to be entered in favor of plaintiff in the amount awarded by the jury minus collateral source payments, if any *(see generally, Nitzke v Loveland,* 188 AD2d 1058, 1059-1060).

We have considered defendants' remaining contentions and conclude that they are without merit. (Appeal from Judgment

of Supreme Court, Erie County, Joslin, J.—Negligence.) Present—Denman, P. J., Lawton, Wesley, Doerr and Boehm, JJ.