■ KATHLEEN M. REYNOLDS, Respondent, v LAURIE A. BURGHEZI, Respondent, and WILLIAM WEISBECK et al., Appellants. [643 NYS2d 248] —Judgment unanimously reversed in the exercise of discretion and on the law without costs and new trial granted. Memorandum: William Weisbeck, Niagara Fron-

tier Transportation Authority and Niagara Frontier Transit Metro System, Inc. (defendants), contend that they were deprived of a fair trial by various improprieties committed by plaintiff's attorney on summation and that they are therefore entitled to a new trial on both liability and damages. We conclude that the interests of justice require a retrial against all defendants on both liability and damages (*see, Stanton v Clegg,* 278 App Div 486). During summation, plaintiff's attorney, *inter alia,* accused defendants of illegal conduct; acted as an unsworn witness on subjects such as the manner in which bus drivers generally drive and the purpose of "no stopping" signs; interjected his opinion of the evidence at trial; and asked the jury to "provide" for plaintiff, discussing irrelevant evidence in an effort to appeal to the jury's passion and sympathy (*see, Clarke v New York City Tr. Auth.,* 174 AD2d 268, 276; *see also, DiMichel v South Buffalo Ry. Co.,* 80 NY2d 184; *Rodriguez v New York City Hous. Auth.,* 209 AD2d 260, 261; *Escobar v Seatrain Lines,* 175 AD2d 741). Those improprieties, although unpreserved for appellate review by timely objection, warrant reversal in the exercise of discretion because they did not consist of " 'an isolated remark during questioning or summation, but a seemingly continual and deliberate effort to divert the jurors' and the court's attention from the issues to be determined' " (*Clarke v New York City Tr. Auth., supra,* at 278, quoting *Mercurio v Dunlop, Ltd.,* 77 AD2d 647).

Further, Supreme Court erred in refusing to submit to the jury the threshold issue whether plaintiff suffered a serious injury as defined by Insurance Law § 5102 (d). "The existence of a serious injury is generally a matter for the jury's determination" (*Perez v Rousseau,* 190 AD2d 1040, citing *Kupfer v Dalton,* 169 AD2d 819; *see also, Bader v Santana,* 106 AD2d 858; *Luppino v Busher,* 97 AD2d 499). Given the conflicting evidence regarding plaintiff's injury, "[the] jury could have rationally determined that plaintiff did not sustain a serious injury" (*Murphy v Hasenflue,* 198 AD2d 754, 755; *see, Perez v Rousseau, supra*).

Defendants contend that the court also erred in permitting plaintiff's attorney to question defendant Weisbeck regarding eight prior accidents in which he was involved. That contention is not preserved for our review (*see, Jones v Brilar Enters.,* 184 AD2d 1077). However, because we are granting a new trial, we note that it is "well settled that a plaintiff may not adduce evidence tending to demonstrate that a person alleged to have committed a negligent act has previously committed similar acts or was generally negligent" (*Feaster v New York City Tr.*

*Auth.,* 172 AD2d 284, 285). Here, the questioning concerning those prior accidents was not relevant to any other issue in the case and thus was improper.

Defendants further contend that the jury's findings that defendant Burghezi was negligent but that her negligence was not a proximate cause of the accident are inconsistent. By failing to object to the verdict on that ground before the jury was discharged, defendants failed to preserve that issue for our review (*see, Stangl v Compass Transp.,* 221 AD2d 909). In any event, the jury's findings are supported by a reasonable view of the evidence and are not inconsistent as a matter of law (*see, Lemberger v City of New York,* 211 AD2d 622, 623).

We note that the jury's finding of damages for past lost wages is not supported by the record. We have reviewed defendants' remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—Negligence.) Present—Denman, P. J., Pine, Fallon, Balio and Boehm, JJ.