■ PARCHE INDUSTRIES CORPORATION, Doing Business as PARCHE, Appellant, v ELI CONSTRUCTION GENERAL CONTRACTOR AND INTERIOR DESIGN, INC., Respondent. [716 NYS2d 46] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered July 22, 1999, which, upon a verdict in plaintiff's favor, awarded plaintiff damages in the total amount of $305,737, and order, same court and Justice, entered on or about January 7, 2000, denying plaintiff's motion to set aside the verdict as contrary to the weight of the evidence, unanimously affirmed, with costs.

Plaintiff contends that the trial evidence, fairly considered, required a significantly higher award of damages to compensate it fully for business losses attributable to a fire on its premises for which defendant was responsible. The evidence, however, did not so preponderate in plaintiff's favor as to require a verdict higher than the one returned by the jury (see, Sobie v Katz Constr. Corp., 189 AD2d 49, 53; Nicastro v Park, 113 AD2d 129, 134-135). It was the province of the jury to assess the credibility of plaintiff's various claims of loss and that assessment was evidently affected to plaintiff's detriment by plaintiff's assertion of several patently meritless claims and by plaintiff's reliance on what the jury may with good reason have viewed as sham transactions to establish damages. Contrary to plaintiff's argument, the jury was not required to credit the testimony of plaintiff's expert (see, Brennan v Bauman & Sons Buses, 107 AD2d 654). In light of the quality of plaintiff's evidence, the jury's award reflected a reasoned and fair-minded assessment of the trial evidence and there was, accordingly, no basis to grant plaintiff's motion to set the verdict aside. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Buckley, JJ.