■ DANI MICHAELS, INC., Appellant, v DESIGN 2000, N.Y. LTD., Respondent. [772 NYS2d 57]—

Judgment, Supreme Court, New York County (Ira Gammerman, J., and a jury), entered October 3, 2002, in an action for breach of contract by the seller of a business against the buyer, dismissing plaintiff's complaint and awarding defendant $500,000 on its counterclaim, with interest and costs, and order, same court and Justice, entered November 25, 2002, which denied plaintiff's motion to supplement the trial record, unanimously affirmed, with one bill of costs.

The trial court properly precluded plaintiff from introducing into evidence, on rebuttal, documents that were covered by the parties' discovery stipulation but not produced, and which also should have been offered on plaintiff's case-in-chief (*see Republic of Croatia v Trustee of Marquess of Northampton 1987 Settlement*, 203 AD2d 167, 169 [1994], *lv denied* 84 NY2d 805 [1994], citing *Rosseland v Hospital of Albert Einstein Coll. of Medicine*, 158 AD2d 409 [1990]; *see also Wilmot v Methodist Hosp.*, 202 AD2d 304 [1994]). Plaintiff's motion to supplement the trial record so as to include such documents was properly denied on the ground that plaintiff failed to have the excluded documents marked for identification, and there was thus no way of assuring that the documents proffered on the motion were the same as those excluded at the trial. The trial court was not required to hold a hearing on the issue since the affirmation of newly retained counsel in support of the motion lacked probative value both as to the authenticity of the documents and the events

surrounding their exclusion at trial (*see Meyer v United States Life Ins. Co.*, 181 AD2d 643 [1992]; *cf. Mercurio v Dunlop, Ltd.*, 77 AD2d 647, 648 [1980]). The record does not support plaintiff's claim that the trial court prevented it from having the documents marked for identification. Concur—Nardelli, J.P., Saxe, Lerner and Marlow, JJ.