# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LIBERTY INSURANCE CORPORATION, )
as subrogee of CLAIRE CHIANESE )
and MARIA CASTILLO, )
    Plaintiff, )
)
       v. )
)
SCHELL BROTHERS, LLC, )
    Defendant/Third-Party Plaintiff, )
)
       v. )
)
LIMA FRAMING, INC. and )
4x4 GENERAL CONTRACTORS, INC., )
    Third-Party Defendants. )
           )
LIMA FRAMING, INC., )
    Fourth Party-Plaintiff, )
)
v. )
)
C&C DRYWALL CONTRACTOR, )
INC., SOUTHLAND INSULATORS OF )
DELAWARE, LLC D/B/A DELMARVA )
INSULATION, HEARTH & HOME )
TECHNOLOGIES d/b/a FIRESIDE, )
HEARTH & HOME, and ADVANCED )
HOME SERVICES, INC., )
    Fourth-Party Defendants. )

C.A. No. N17C-01-047 MMJ

TRIAL BY JURY OF
TWELVE DEMANDED

Submitted: September 19, 2019
Decided: October 1, 2019

On Defendant/Third-Party Plaintiff Schell Brothers, LLC's
Motion for Reargument
**DENIED**

1

## ORDER

Wade A. Adams, III, Esq., (Argued), Chrissinger & Baumberger, Wilmington, Delaware, *Attorneys for Plaintiff*

Roger D. Landon, Esq., (Argued), Murphy & Landon, Wilmington, Delaware, *Attorneys for Defendant/Third-Party Plaintiff*

Joseph S. Naylor, Esq., Swartz Campbell LLC, Wilmington, Delaware, *Attorneys for Third-Party Defendant/Fourth-Party Plaintiff*

Daniel A. Griffith, Esq., Whiteford Taylor & Preston LLC, Wilmington, Delaware, *Attorneys for Fourth-Party Defendant*

**JOHNSTON, J.**

By Order dated August 7, 2019, the Court granted Liberty Insurance Corporation's Motion for Summary Judgment. The Court found that viewing the record in the light most favorable to Defendant Schell Brothers, LLC, ("Schell"), there were no genuine issues of material fact that would prevent summary judgment.

Schell has moved for reargument. Schell contends that it should be able to proceed to trial to enable the Fire Marshal's opinion to be discredited through cross examination.

The Fire Marshal determined that a chimney flue caused a malfunction[1] in the chimney chase,[2] which resulted in "fire damage to the structure and contents."[3]

---

[1] Fire Marshal Investigation at 1 ("Cause malfunction involving the exhaust pipe").
[2] *Id.* ("Origin chimney chase").
[3] *Id.*

2

In his deposition, Schell's designated corporate representative, Dan Matta, testified that it was "pretty clear," in his own opinion, that the flue had not been connected.[4] Matta stated that he saw that the flue pipe was not connected when he went on a walk-through with the Fire Marshal.[5] Matta further acknowledged that it was Schell's responsibility, pursuant to the contract, to deliver a home with a working, properly connected fireplace.[6]

The Fire Marshal was not deposed. There exists no conflicting deposition testimony or affidavit in opposition to the Fire Marshal's opinion. Schell's own designated representative agrees that the disconnected flue caused of the fire.

Schell asserts in its Motion for Reargument that—even when the summary judgment record evidence itself not controverted—counsel's statement that an expert's opinion is susceptible to challenge through cross-examination is sufficient to create a genuine issue of material fact defeating summary judgment.

In its motion, Schell cites *Wooley v. Great Atlantic & Pacific Tea Company*,[7] and *Brennan v. Bauman & Sons Buses, Inc.*[8] This authority supports Schell's position that a jury may disregard testimony it does not find credible. However, this rule is not applicable at the summary judgment stage. Nothing in

---

[4] Matta Dep., E-File 63010822, at 84:10–85:4.
[5] *Id.*
[6] *Id.* at 92:8–93:11
[7] 281 F.2d 78, 80 (3d Cir. 1960) (affirming the lower court's denial of a motion for a new trial).
[8] 107 A.D.2d 654, 655 (N.Y.S.2d 1985) (finding plaintiff's motion for a new trial to be without merit).

the record suggests that the Fire Marshal is incorrect. Further, nothing in the record raises a question regarding the Fire Marshal's credibility.

During oral argument, Schell cited one case discussing summary judgment. *Turner v. Association of Owners of Bethany Seaview Condominum*,[9] was a negligence action. The plaintiff was hired by the defendant, a homeowners association, to trim some hedges. Plaintiff alleged that he set a ladder on a boardwalk located in defendant's common area. Plaintiff claimed that a loose board in the boardwalk caused him to fall off his ladder, resulting in injuries. After submitting medical expert testimony and an engineering report that concluded that an unstable board could result in plaintiff's alleged fall, plaintiff filed a motion for summary judgment, which the court denied.

The Court finds *Turner* distinguishable. Before the motion for summary judgment was filed, the homeowners association had deposed witnesses who controverted plaintiff's statements and evidence.[10] These depositions included accounts that the boardwalk was structurally sound, and that no one was aware of or reported any issues. The homeowners association did not rely solely on counsel's stated expectation of the possibility of attacking the credibility of an

---

[9] 2013 WL 1861930 (Del. Super.).
[10] *Id.* at *1–2.

4

expert witness whose statements were uncontroverted on the summary judgment record.

The Court finds Schell's argument unpersuasive. Under the circumstances presented in this case, the expert opinion is not disputed by any record evidence. In fact, Schell's own witness supports the expert's conclusions. In the absence of any factual dispute based on record evidence, or any affidavit filed in opposition, the mere possibility of a challenge to the credibility of an expert witness (who was not deposed), cannot be sufficient to create a genuine issue of material fact sufficient to defeat summary judgment.

The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[11] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[12] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[13] To the extent Schell asserted issues that

---

[11] *Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969).
[12] *Ferguson v. Vakili,* 2005 WL 628026, at *1 (Del. Super.).
[13] *Id.* (quoting *Wilmington Trust Co. v. Nix,* 2002 WL 356371 (Del.Super.).

5

were not raised in the submissions in support of its motion, new arguments may not be presented for the first time in a motion for reargument.[5]

The Court has reviewed and considered the parties' written submissions and arguments. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE,** Defendant/Third-Party Plaintiff Schell Brothers, LLC's Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[5] *Oliver v. Boston University*, 2006 WL 4782232, at *3 (Del. Ch.).