■ INTERNATIONAL SYSTEMS, a Division of INTEREDEC (U.S.A.), INC., et al., Appellants-Respondents and Third-Party Defendants-Appellants-Respondents, v DELCRETE CORP. et al., Respondents-Appellants. DEL SYSTEMS, INC., Third-Party Plaintiff and Intervenor-Respondent-Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The exercise of discretion and the interest of justice require that the verdicts on the first and second causes of action be set aside and a new trial granted thereon (CPLR 4404, subd [a]; see *Titlebaum v Loblaws, Inc.,* 75 AD2d 985). We interpret the order as applying to Delcrete as well as to the moving party, Del Monte, since to permit plaintiffs' unfavorable verdicts against Delcrete to stand while setting aside its favorable verdicts against Del Monte would, under the circumstances, be patently unfair. ¶ Del Monte's motion for a directed verdict on the second cause of action was properly denied. It is true that the only provision in the purchase contract which specifically obligates Del Monte is paragraph 7 in which Del Monte, jointly with Delcrete and Gibbons, agree to provide supervision of the installation of the machines and casting molds. Nevertheless, Del Monte signed the entire agreement individually without limiting his liability to the obligations undertaken in paragraph 7. Del Monte is the president and sole shareholder of Delcrete. Under the circumstances, there is a triable issue which should be submitted to a jury as to whether Del Monte individually assumed obligations as a seller under the contract and under the Uniform Commercial Code. We note that any verdicts which may be rendered against Del Monte, whether under paragraph 7 of the agreement or, if the jury should find that he acted as a seller, under the contract and the Uniform Commercial Code would have to be on the basis of Del Monte's joint liability with Delcrete. The jury should be so advised. ¶ The court properly dismissed plaintiffs' third cause of action for

fraud. ¶ We agree with the court that there are factual issues requiring a denial of both plaintiffs' and defendants' motions for directed verdicts on the counterclaims. Plaintiffs alleged certain defenses to defendants' counterclaims for royalties which are intertwined with the plaintiffs' claims under their first and second causes of action which are to be retried. Thus, the court properly ordered new trials on the counterclaims as well. ¶ ISI's contention that Delcrete has no legal claim for royalties because Del Monte had not executed a written consent that Delcrete grant a nonexclusive license to ISI is without merit. The license agreement is signed on behalf of Delcrete by Del Monte as president. In any event, ISI has received the full benefit of the license agreement and has not been damaged, and it may not avoid payment of royalties due thereunder by claiming that the licensor breached its agreement with a third party. ¶ Those portions of the financial statements which were prepared by ISI in the regular course of business were admissible as business records under CPLR 4518 (subd [a]) as proof of the facts contained therein. The conclusory statements and opinions of the accountants should have been redacted. We note, however, that the losses shown in the financial statements do not, standing alone and without proof that the losses were attributable to defendants' alleged breaches, establish a claim for loss of profits (see *DuPont deNemours & Co. v Universal Moulded Prods. Corp.*, 191 Va 525). The record reveals that some of ISI's production delays were caused by factors not attributable to defendants. ¶ In view of the foregoing, we do not reach the multifarious additional points and alleged errors raised by the parties. (Appeals from order of Supreme Court, Monroe County, Bergin, J. — breach of contract.) Present — Hancock, Jr., J. P., Callahan, Denman, Moule and Schnepp, JJ.