■ CARMEN CHUMSKY, Respondent, v LEONARD CHUMSKY, Appellant. — In a matrimonial action, the defendant husband appeals from an interim order of the Supreme Court, Nassau County (Robbins, J.), dated December 27, 1983, which, after a nonjury trial, *inter alia,* found that a decree of the District Court of Bravos, State of Chihuahua, Republic of Mexico, dated January 6, 1969, purporting to dissolve the marriage between the parties, was void on the ground that the Mexican court lacked jurisdiction over the plaintiff wife.

Interim order affirmed, with costs.

The trial court did not abuse its discretion in denying defendant's motion for a continuance (*see, Balogh v H.R.B. Caterers,* 88 AD2d 136, 143). Defendant asked for the continuance to obtain the presence of two witnesses who would offer testimony that plaintiff knew of the Mexican divorce decree earlier than she claimed. Since some of the defendant's witnesses had already so testified, the testimony would have been merely cumulative in this case. Moreover, the issue of when plaintiff learned of the decree was a collateral one and only related to her general credibility as a witness. The ultimate question was whether defendant had obtained plaintiff's signature on a power of attorney authorizing a Mexican attorney to appear on her behalf before a court in Chihuahua by fraud. The witnesses defendant sought to obtain were not said to have been present at the signing of this document, and, under the circumstances, their testimony was not crucial or important (*cf. Distribuidora Nacional De Disco v Rappaport,* 92 AD2d 559; *Chodos v Chodos,* 91 AD2d 1030).

The trial court could, on this record, find that plaintiff had sustained her burden of proving fraud by clear and convincing evidence. Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.