■ PETER C. GOBBELET, Appellant, v HIT CYCLE CORP., Respondent.—In a motorcycle negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated July 31, 1984, which, upon a jury verdict, is in favor of the defendant.

Judgment affirmed, with costs.

In this action arising out of a motorcycle accident, the plaintiff maintained that the defendant, a repair service shop, had replaced his rear tire with one too large for his motorcycle, causing the tire to lock. Finding no negligence on the part of the plaintiff, the trial court refused to charge the jury on

comparative negligence. Since the plaintiff was not aggrieved by that determination and there was no evidence of negligence on the plaintiff's part, there is no ground for reversal based on his contentions in this regard (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 517).

Nor did the trial court abuse its discretion when it refused to permit the plaintiff to present a rebuttal witness at the close of all the evidence. The evidence that the plaintiff sought to present on rebuttal could have been presented during his direct case and the exclusion of that evidence was not fatal.

Finally, while the trial court erred in not permitting the jury to view the motorcycle, under the circumstances of this case the error does not warrant reversal. Lazer, J. P., Bracken, Kooper and Spatt, JJ., concur.