■ LILLIJA MENDERIS, Respondent, v ALBERT MENDERIS, Appellant.—In a matrimonial action in which the parties were divorced pursuant to a judgment dated January 26, 1973, the defendant appeals from an order of the Supreme Court, Queens County (Corrado, J.), dated June 30, 1987, which denied his motion to vacate a judgment of the same court, dated September 29, 1986, entered upon his default, which awarded the plaintiff wife the principal amount of $28,080, representing support and maintenance arrears.

Ordered that the order is affirmed, with costs.

The plaintiff moved by order to show cause for a money judgment for alimony and child support arrears, a wage deduction order and counsel fees. The defendant failed to oppose the motion and a default judgment was entered against him. The defendant subsequently moved to vacate the default judgment on the ground, *inter alia,* that he was not served with plaintiff's order to show cause as alleged in the affidavit of service.

A hearing was held at which the process server and defendant testified. After such testimony, the defendant sought a continuance for the purpose of producing one of his co-workers who was allegedly present during the attempted service of process.

We find that the court did not abuse its discretion in denying the defendant's motion for a continuance *(see, Chumsky v Chumsky,* 108 AD2d 714; *cf., Balogh v H.R.B. Caterers,* 88 AD2d 136, 143). The defendant's offer of proof showed that the testimony of the proffered witness would have merely confirmed the defendant's own testimony in which he admitted that a person later identified as the plaintiff's process server approached him at work, attempted to serve him and that he avoided such service.

Additionally, the court correctly found that the defendant failed to establish an excuse for his default or a meritorious defense warranting vacatur of the default judgment. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.