■ ALEX PUTCHLAWSKI, as Administrator of the Estate of LINDA PUTCHLAWSKI, Deceased, Appellant, v MICHAEL DIAZ et al., Respondents. [597 NYS2d 10] —Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered March 23, 1992, which, upon a jury verdict in favor of defendants, dismissed the complaint, unanimously affirmed, without costs.

The trial court did not err in refusing to preclude the

testimony of defendants' expert pathologist because of defendants' failure to disclose her identity and the subject matter of her testimony prior to trial. 22 NYCRR 202.17 (h), which necessarily entails disclosure of the identity of medical experts insofar as it requires an exchange of their reports, does not apply to medical experts, like this pathologist, who neither treated nor examined the party seeking to recover damages and whose testimony is based on medical records in evidence and hypothetical questions posed by counsel *(Campoli v Lobmeyer,* 183 AD2d 1049, 1050). CPLR 3101 (d) (1) (i), which, in medical malpractice actions, requires disclosure of the subject matter on which an expert is expected to testify, but not his or her identity, also gives the court discretion "for good cause shown" to "make whatever order may be just" in the event of noncompliance. Such discretion was properly exercised here under circumstances showing that the noncompliance was not calculated to put plaintiff at an unfair disadvantage *(see, ibid.).* The court gave plaintiff an opportunity to call a pathologist expert of his own, and placed appropriate restrictions on the testimony of the challenged expert witness. Moreover, inasmuch as the jury never reached the issue of causation, which constituted a substantial portion of the expert's testimony, the admission of her testimony was, at most, harmless error.

The trial court also properly denied, without a hearing, plaintiff's posttrial motion to set aside the verdict upon the grounds of juror misconduct. The source of plaintiff's contention that a juror telephoned someone while deliberations were ongoing was pure hearsay, and his attorney failed to submit any affidavits from a juror or anyone else who might have had actual knowledge of the facts *(see, People v Salaam,* 187 AD2d 363; *see also, Gamell v Mount Sinai Hosp.,* 40 AD2d 1010, *appeal dismissed* 32 NY2d 678). Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.