■ ANTHONY CIOTTI, Appellant, v NEW YORK HOSPITAL et al., Respondents. [634 NYS2d 204] —In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered August 18, 1993, which, upon a jury verdict in favor of the defendants, and upon the denial of the plaintiff's motion, *inter alia,* to set aside the verdict as against the weight of the evidence, was in favor of the defendants dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

" ' "A verdict in favor of a defendant should not be set aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence" ' " *(Cerasuoli v Brevetti,* 166 AD2d 403, 404, quoting *Olsen v Chase Manhattan Bank,* 10 AD2d 539, *affd* 9 NY2d 829; *Nicastro v Park,* 113 AD2d 129). Here, the jury was entitled to accept the opinion of the defendants' witness that the defendants did not depart from good and accepted standards of medicine in their delivery of the plaintiff. Thus, it cannot be said that the verdict in the defendants' favor could not have been reached by a fair interpretation of the evidence.

In addition, we need not reach the issues raised by the plaintiff concerning expert testimony on proximate cause and the trial court's charge as to proximate cause. Because the jury ceased deliberating after determining that the defendants were not negligent, they never reached the issue of proximate cause. Thus, the expert testimony on proximate cause and the court's charge on proximate cause could not have affected the jury's verdict *(see, Radloff v Adler,* 205 AD2d 973; *Olsen v City of New York,* 141 AD2d 709).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.