■ ROSE SEGNIT et al., Appellants, v STUHR GARDENS HOUSING DEVELOPMENT FUND CO., INC., et al., Respondents. [643 NYS2d 209] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated January 24, 1995, which, upon a jury verdict in favor of the defendants and against them, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

" ' " 'A verdict in favor of a defendant should not be set aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence' " ' " (*Ciotti v New York Hosp.,* 221 AD2d 581; *Cerasuoli v Brevetti,* 166 AD2d 403, 404; *Olsen v Chase Manhattan Bank,* 10 AD2d 539, *affd* 9 NY2d 829; *Nicastro v Park,* 113 AD2d 129). Here, the jury was entitled to accept the testimony of the witnesses who actually observed the allegedly defective stair rail prior to the accident, but did not observe any corrosion. Thus, it cannot be said that the verdict in the defendants' favor could not have been reached by a fair interpretation of the evidence.

Furthermore, we find that the videotape of the allegedly defective stair rail, taken three days after the accident, constituted cumulative evidence, and its exclusion was at most harmless error (*see, Tannen v Long Is. R. R.,* 215 AD2d 745; *Walker v State of New York,* 111 AD2d 164, 165). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.