■ FUSUN S. ATESER, Appellant, v ROBERT F. BECKER et al., Respondents. [708 NYS2d 76] —Judgment, Supreme Court, New York County (Joan Madden, J., and a jury), entered December 8, 1998, apportioning liability 51% against plaintiff and 49% against defendants, and awarding plaintiff damages, after apportionment and before structuring, in the principal amount of $441,000, unanimously affirmed, without costs.

Plaintiff's various claims of error do not warrant appellate relief. Plaintiff will not be heard to argue that she was prejudiced by the trial court's actions in allowing defendants, the owner and operator of the vehicle that struck her, to be represented by separate counsel, when her only specific request, which the trial court granted, was that only one attorney be permitted to participate at any given stage of the trial. Admission of a videotape of the area where the accident occurred was properly denied on the ground that the traffic conditions shown therein were irrelevant. In any event, the videotape was cumulative of photographs that were admitted into evidence and also of plaintiff's expert's testimony, rendering harmless any error in its exclusion (*see, Segnit v Stuhr Gardens Hous. Dev. Fund Co.*, 227 AD2d 612). The trial court also properly precluded plaintiff's use of portions of the videotaped testimony of a nonparty eyewitness as nonresponsive to the questions. Here too, any error was harmless since the same information was placed into evidence elsewhere in the witness's testimony. Defendants' medical expert was properly allowed to testify upon a showing that defendants' late service of CPLR 3101 (d) notice was neither willful nor prejudicial (*see, Flour City Architectural Metals v Sky-Lift Corp.*, 242 AD2d 471). Finally, the court properly refused to allow the jurors to touch plaintiff's legs to feel the temperature differential that plaintiff claims is evidence of reflex sympathetic dystrophy, since such contact is inappropriate and, as the trial court ruled, "calls for a subjective determination by each juror as to what he or she thought regarding the temperature of each leg." Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Friedman, JJ.