■ PAMELA OSTROW, Appellant, v NEW LONDON PHARMACY, INC., Respondent, et al., Defendant. [718 NYS2d 329] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 20, 1999, which denied plaintiff's post-trial motion to set aside the jury verdict in favor of defendant New London Pharmacy and to hold a new trial on the issues of liability and damages, or, alternatively, to set aside the verdict, enter judgment for plaintiff as to liability and hold a new trial solely on the issue of damages, unanimously affirmed, without costs.

Plaintiff alleged that her ulcerative colitis was worsened by her ingestion of the drug sulfadiazine, which defendant pharmacy mistakenly dispensed to her instead of sulfasalazine, the drug her physician had actually prescribed. On the day prior to trial, defense counsel disclosed for the first time that the pharmacy's experts would testify that plaintiff's injuries were likely caused by steroid medications plaintiff had also been taking at the relevant time, and the court denied plaintiff's motion to preclude such testimony. The jury subsequently found that, although the pharmacy had negligently dispensed the wrong drug, such negligence had not

proximately caused the injuries of which plaintiff complained. Plaintiff's motion to set aside the verdict on the ground, *inter alia*, that the defense had failed to give notice of its experts' opinion that plaintiff's use of steroids had caused her injuries, as required by CPLR 3101 (d) (1) (i), was denied by the trial court.

We affirm on the ground that the trial court's decision to permit the expert testimony in question cannot be said to have been an improvident exercise of its discretion. The fact that plaintiff was using powerful drugs other than the one misdispensed was a matter set forth in her medical records, and necessarily raised the question of whether the effects of which she complained could have been caused by such other drugs. In preparing plaintiff's expert, her counsel should have explored whether such alternative causation of plaintiff's injuries was possible, whether or not such a theory was set forth in the pharmacy's expert disclosure. Under these circumstances, we perceive no reason to disturb the trial court's determination that plaintiff had sufficient time to prepare cross-examination and rebuttal of the expert opinion in question during recess periods prior to the testimony of the relevant witnesses, which testimony was given from one to two weeks after defense counsel disclosed the opinion. Nor are we convinced by the evidence plaintiff submitted in support of her post-trial motion in an effort to demonstrate that, given more time, she would have been able to prepare more effective expert testimony on this point.

Finally, the jury's verdict is supported by sufficient evidence and comports with the weight of the evidence, since the jury could reasonably have concluded, among other things, that plaintiff failed to sustain her burden of proving that the worsening of her condition was not simply the natural progression of her admittedly pre-existing disease. We have considered plaintiff's remaining arguments and find them to be unavailing. Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Wallach, JJ.