■ JOHN GILBERT, Respondent, v MICHAEL LUVIN et al., Appellants, et al., Defendants. [730 NYS2d 85] —Order, Supreme Court, New York County (Paula Omansky, J.), entered October 5, 2000, which granted plaintiff's motion, pursuant to CPLR 4404 (a), to set aside the jury's verdict in favor of defendants-appellants, and directed that a new trial be held in the interest of justice, unanimously reversed, on the law, without costs, plaintiff's motion denied, and the verdict reinstated.

This medical malpractice action is based on plaintiff's claim that he suffered a substantial reduction of vision in his right eye as the result of negligent placement of his head during an operation on his lumbar spine. Plaintiff alleges that pressure on his right eye during the time he lay face down compromised the circulation of blood to his optic nerve, resulting in optic nerve damage known as ischemic optic neuropathy. After trial, the jury rendered a verdict in favor of each of the physician defendants based on its finding that plaintiff had not proved that any of them had deviated from accepted standards of medical practice during the operation. The jurors did not reach the issue of causation that had been separately submitted to them. The trial court thereafter granted plaintiff's motion to set aside the verdict, finding that it had erred during the trial in permitting, over plaintiff's objection, the testimony of an ophthalmologist as an expert for the defense. The court found that the CPLR 3101 (d) notice provided plaintiff's counsel was inadequate in that it merely stated the ultimate conclusion to which the ophthalmologist would testify and did not specify that the expert would identify plaintiff's injury as having its genesis in anemia and hypotension.

The jury found that none of the physician defendants departed from any relevant accepted standard of surgical or anesthetic practice. Where an error at trial bears only upon an issue that the jury did not reach, the error is harmless and may not serve as a ground for a new trial (see, *Ciotti v New York Hosp.*, 221 AD2d 581; *Putchlawski v Diaz*, 192 AD2d 444, lv denied 82 NY2d 654). Since the jury here did not reach the issue of causation, even had the admission of the testimony of defendants' expert on causation been error, it would have been harmless. In any event, the trial court was initially correct when it permitted the expert's testimony, despite apparent

noncompliance with CPLR 3101 (d), since the failure was not willful and prejudicial (*see, Ateser v Becker*, 272 AD2d 219, *lv denied* 95 NY2d 762; *Gallo v Linkow*, 255 AD2d 113, 117). No demonstrated prejudice resulted from the inadequate notice. Defense counsel addressed the anemia/hypotension theory through testimony of both of plaintiff's experts and through the testimony of another defense expert without any objection by plaintiff. Plaintiff's counsel never requested an adjournment to prepare and re-call his expert to give further testimony rebutting the anemia/hypotension theory. He could have so requested if he truly believed he had not previously had a fair opportunity to prepare the expert on that issue (*see, Putchlawski v Diaz, supra; Herrera v V.B. Haulage Corp.*, 205 AD2d 409). Lack of prejudice is also established by plaintiff's experts' admitted awareness of the anemia/hypotension theory and the medical literature supporting it (*cf., Ostrow v New London Pharmacy*, 278 AD2d 158). Concur—Nardelli, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.