■ EVE PILECKI, as Mother and Natural Guardian of CORILYN PILECKI, an Infant, Appellant, v WILLIAM R. CROMWELL, M.D., P.C., et al., Respondents, et al., Defendants. (Appeal No. 1.) [755 NYS2d 142] —Appeal from a judgment of Supreme Court, Erie County (Michalek, J.), entered August 15, 2001, which dismissed the complaint upon a jury verdict in favor of defendants.

It is hereby ordered that the judgment so appealed from be

and the same hereby is reversed in the exercise of discretion with costs and a new trial is granted.

Memorandum: Plaintiff appeals from a judgment dismissing her complaint following a jury verdict in favor of defendants. Plaintiff commenced this medical malpractice action against defendant Children's Hospital of Buffalo (Hospital) and various doctors and Hospital personnel seeking damages for injuries allegedly sustained by her daughter during labor and delivery on August 20, 1986. At birth, plaintiff's daughter was diagnosed with perinatal asphyxia, meconium aspiration, persistent fetal circulation, and seizures. By the time of trial, plaintiff's daughter was 14 years old and suffered from moderate mental retardation, cortical blindness, a seizure disorder, and motor disabilities. Plaintiff alleged that her daughter's injuries were caused by defendants' failure to induce labor when her daughter was in fetal distress.

Plaintiff contends that Supreme Court erred in permitting the Hospital and its personnel to present expert testimony that the injuries sustained by her daughter were caused by an intrauterine infection resulting from the Coxsackie virus. We disagree with plaintiff that the court abused its discretion as a matter of law in permitting that expert testimony. CPLR 3101 (d) (1) (i) specifically permits the late retention of an expert upon good cause shown. The Hospital disclosed the expert three weeks before trial and the disclosure was made contemporaneously with plaintiff's disclosure of expert testimony. Moreover, the record contains no evidence of willfulness.

Nevertheless, in the exercise of our inherent power to vacate a judgment, we conclude that plaintiff should be granted a new trial because she was unfairly confronted with defendants' new and highly complex defense on the eve of trial. Indeed, we conclude that plaintiff was unduly prejudiced by defendants' failure to provide her with sufficient information concerning the nature of the test underlying that defense in a timely manner, and thus she was unable to conduct an effective cross-examination of defendants' expert witness, who testified to his conclusions with 100% degree of certainty. While the verdict sheet supports the position of the dissenters that the jury found that defendants did not deviate from accepted medical practice and that the jury did not address the issue of causation, we do not believe that the two issues can be treated separately under the facts of this case. We note that defendants' attorneys each asserted on summation that plaintiff's daughter was infected before plaintiff came to the Hospital or was treated by defendant doctors and Hospital personnel. The attorney for defendants Bryant Street Anesthesiologists, P.C. (Bryant Street) and Max Richard Chudy, III, M.D. and the attorney for the

Hospital and its personnel highlighted the evidence that plaintiff took an antibiotic and vitamin C while she was pregnant, asserting that the evidence established that she was fighting an infection. Moreover, the attorney for Bryant Street and Chudy asserted that plaintiff's experts did not conduct the test to detect the Coxsackie virus "[b]ecause they might get the same results." Because defendants' attorneys asked the jury to find that the Coxsackie virus caused the injuries to plaintiff's daughter and that defendants therefore were not negligent, we conclude that the jury likely did not separately resolve the inextricably intertwined issues of negligence and causation.

We have considered plaintiff's remaining contentions and conclude that they are without merit. Consequently, we reverse the judgment in the exercise of our discretion (*see generally International Sys. v Delcrete Corp.*, 103 AD2d 1008), and grant a new trial.

All concur except Hurlbutt and Kehoe, JJ., who dissent and vote to affirm in the following memorandum.

Hurlbutt and Kehoe, JJ. (dissenting). We agree with the majority that Supreme Court did not abuse its discretion in permitting defendant Children's Hospital of Buffalo (Hospital) and defendant Hospital personnel to present expert testimony that the injuries to plaintiff's daughter were caused by an intrauterine infection resulting from the Coxsackie virus. We disagree with the majority, however, that there should be a new trial because plaintiff was confronted with a "new and highly complex defense on the eve of trial." With respect to the belated disclosure of the expert testimony on causation, we agree with the majority that the court did not abuse its discretion as a matter of law in allowing the testimony inasmuch as CPLR 3101 (d) (1) (i) permits the late retention of an expert upon good cause shown and the disclosure was made contemporaneously with plaintiff's disclosure of expert testimony. In addition, we note that, although plaintiff made three motions to preclude the expert testimony, she did not seek a continuance, and her own expert, having reviewed the expert witness disclosures, opined in her trial testimony that the expert for the Hospital and its personnel had used flawed testing procedures that yielded invalid results.

In our view, however, the record does not support the majority's conclusion that the jury did not separately resolve the issues of negligence and causation, and we disagree with the majority that those issues were "inextricably intertwined." (At 1009.) The issues of negligence and proximate cause were addressed separately by all of the attorneys in their summations,

as well as in the court's jury charge. Moreover, the first question on the verdict sheet asked the jury to find whether each defendant had deviated from accepted medical practice, and the answer with respect to each defendant was no. "It is presumed, until the contrary appears, that the jury followed the instructions given by the court" (*Nordhauser v New York City Health & Hosps. Corp.*, 176 AD2d 787, 790; *see Peters v Port Auth. Trans-Hudson Corp.*, 234 AD2d 205, 206-207, *lv denied* 90 NY2d 802; *see also Williams v Brosnahan*, 295 AD2d 971, 973). Here, there is no indication on the record before us that the jury did not follow the court's instructions, and thus we conclude that the jury addressed the issue of negligence and did not address the issue of causation. We therefore perceive no valid reason to reverse the judgment in the exercise of discretion and grant a new trial. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.