AMINA MOHAMED, Appellant, v CELLINO & BARNES, P.C., Respondent. (Appeal No. 2.) [752 NYS2d 465] —Appeal from a judgment of Supreme Court, Erie County (Fahey, J.), entered June 22, 2001, in favor of defendant upon a jury verdict of no cause of action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff allegedly sustained injuries when she exited a bus owned and operated by Niagara Frontier Transit Metro System, Inc., a subsidiary of Niagara Frontier Transportation Authority (NFTA). She retained defendant to represent her in a personal injury action against NFTA, but defendant failed to commence the personal injury action in a timely manner. Plaintiff commenced this legal malpractice action alleging that defendant's negligence deprived her of an award of damages in her underlying personal injury action. Defendant conceded its negligence and the case proceeded to trial on the issue whether plaintiff would have been successful in her underlying personal injury action but for defendant's negligence (see Lavin & Kleiman v Heinike Assoc., 221 AD2d 919). The jury returned a verdict finding that NFTA was not negligent and thus that plaintiff would not have been successful in her underlying action. Supreme Court denied plaintiff's motion to set aside the verdict as against the weight of the evidence.

We conclude that the testimony of defendant's expert, a transportation engineer and accident reconstructionist, was properly admitted because his testimony about the physics of plaintiff's fall and the mechanical operations of the passenger door of the bus was " 'not within the range of ordinary training or intelligence' " (Selkowitz v County of Nassau, 45 NY2d 97, 102; see e.g. Sumowicz v Gimbel Bros., 161 AD2d 314, 315; McDaniel v Clarkstown Cent. School Dist. No. 1, 111 AD2d 151, 153-154, appeal dismissed 67 NY2d 918). Also contrary to plaintiff's contention, that testimony was properly based on "facts in the record or personally known to the witness" (Hambsch v New York City Tr. Auth., 63 NY2d 723, 725 [internal quotation marks omitted]). Plaintiff failed to preserve for our review her contention that the court erred in precluding testimony concerning a statement made by an unidentified bus passenger. In any event, we conclude that any error in precluding that testimony is harmless because the testimony was cumulative of other evidence already before the jury (see

*e.g. Ateser v Becker*, 272 AD2d 219, *lv denied* 95 NY2d 762; *Guiga v JLS Constr. Co.*, 255 AD2d 244, 245).

Contrary to plaintiff's further contention, the court properly allowed defendant's attorney to cross-examine plaintiff with respect to her alleged statements in a medical record. The court properly allowed defendant's attorney to ask plaintiff preliminary questions concerning those statements for impeachment purposes, inasmuch as defendant's attorney was attempting to establish that plaintiff had made a prior inconsistent statement (*cf. Sanchez v Manhattan & Bronx Surface Tr. Operating Auth.*, 170 AD2d 402, 404-405; *Morris v Palmier Oil Co.*, 94 AD2d 911, 911-912). When plaintiff denied that she was the source of the statements in the medical record, questioning on that subject ceased.

Plaintiff has failed to preserve for our review her contention that the court should have precluded the expert testimony presented by defendant as a sanction for defendant's having failed to obtain the names of witnesses to the accident and defendant's having lost a piece of paper with the name of one eyewitness. Plaintiff never sought preclusion of the expert testimony on that ground (*see Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946, *lv denied* 92 NY2d 817). Plaintiff also failed to preserve for our review her contention that the court erred in charging the jury with respect to the spoliation of evidence (*see* CPLR 4110-b; *see e.g. Peters v Rome City School Dist.* [appeal No. 2], 298 AD2d 864; *Hageman v Santasiero*, 277 AD2d 1049). In any event, the court gave the negative inference charge requested by plaintiff and such a charge is an appropriate remedy for lost evidence (*see Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 294 AD2d 341). The verdict, rendered upon conflicting evidence, is not "palpably wrong" and should not be set aside as against the weight of the evidence (*Petrovski v Fornes*, 125 AD2d 972, 973, *lv denied* 69 NY2d 608; *see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499). Present— Pigott, Jr., P.J., Green, Pine, Kehoe and Lawton, JJ.