PATRICIA FARRELL, Appellant, v MARK J. GELWAN, Respondent. [817 NYS2d 143]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Taylor, J.), entered February 8, 2005, which, upon a jury verdict, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court providently exercised its discretion in admitting the testimony of the defendant's expert that the plaintiff's loss of vision was caused by macular degeneration rather than by the defendant's surgeries and treatment (*see McGlauflin v Wadhwa,* 265 AD2d 534 [1999]; *Putchlawski v Diaz,* 192 AD2d 444, 445 [1993]). The expert's testimony did not transcend the scope of information set forth in the applicable expert disclosure form or the previously exchanged medical reports, received well before trial (*see* CPLR 3101 [d] [1] [i]; 22 NYCRR 202.17 [h]; *Cutsogeorge v Hertz Corp.,* 264 AD2d 752 [1999]; *Serpe v Eyris Prods.,* 243 AD2d 375, 380 [1997]; *Freeman v Kirkland,* 184 AD2d 331 [1992]; *cf. Gregory v Mulligan,* 266 AD2d 344 [1999]).

Both the grant of a continuance and the presentation of rebuttal proof rest within the sound discretion of the trial court, and the court's decision in that regard should not be disturbed on appeal unless the court improvidently exercised its discretion

(*see Capone v Gannon,* 150 AD2d 749, 750 [1989]; *Balogh v H.R.B. Caterers,* 88 AD2d 136, 143 [1982]; *Wilson v Wilson,* 97 AD2d 897 [1983]). Under the circumstances of this case, the court providently exercised its discretion in denying the plaintiff's application for a continuance to secure expert rebuttal proof related to the issue of macular degeneration and causation (*see Paulino v Marchelletta,* 216 AD2d 446, 446-447 [1995]; *Menderis v Menderis,* 148 AD2d 427 [1989]; *Chumsky v Chumsky,* 108 AD2d 714 [1985]). Because the plaintiff was placed on sufficient notice as to the defense theory of causation, the plaintiff could have adduced evidence to negate the defense theory on her direct case and it was improper to seek additional time to rebut that theory (*see Republic of Croatia v Trustee of Marquess of Northampton 1987 Settlement,* 203 AD2d 167 [1994]; *Harvin v New York City Tr. Auth.,* 198 AD2d 401 [1993]; *Kupfer v Dalton,* 169 AD2d 819, 820 [1991]; *Kapinos v Alvarado,* 143 AD2d 332, 333 [1988]). In any event, the jury exonerated the defendant of any malpractice and never reached the issue of causation (*see Avezzano v Savoretti,* 14 AD3d 635 [2005]; *Gilbert v Luvin,* 286 AD2d 600 [2001]; *Ciotti v New York Hosp.,* 221 AD2d 581 [1995]; *Olsen v City of New York,* 141 AD2d 709 [1988]). Miller, J.P., Schmidt, Mastro and Lunn, JJ., concur.