RODGER PAGE et al., Appellants, v WILLIAM MARUSICH, Respondent, et al., Defendants. [856 NYS2d 734]—

Malone Jr., J. Appeals (1) from a judgment of the Supreme Court (Lebous, J.), entered February 15, 2007 in Broome County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered April 19, 2007 in Broome County, which denied plaintiffs' motion to set aside the verdict.

After his regular dentist retired, plaintiff Rodger Page (hereinafter plaintiff) went to the office of defendant William Marusich (hereinafter defendant) for dental treatment. Between 1995 and 1997, plaintiff had developed a white patch on his tongue which was noticed by his prior dentist as well as a dentist in defendant's office, but which seemed to disappear. In January 1998, defendant examined plaintiff for the first time and did not notice anything unusual with respect to plaintiff's tongue.

He made the same observation during a subsequent examination in September 1998. On March 1999, however, defendant noticed a white patch on plaintiff's tongue which he thought was a leukoplakia caused by clenching and grinding. He decided to observe it further to see if it would resolve on its own. It did not disappear by the next examination in September 1999 and had developed a red border. Defendant referred plaintiff to an oral surgeon at that time.

The oral surgeon performed a biopsy of the lesion in October 1999 which revealed moderate dysplasia but no cancerous cells. Plaintiff, however, continued to experience pain in his tongue and ears in the ensuing months and had a second biopsy performed in January 2000. The second biopsy revealed the presence of stage IV squamous cell carcinoma, the most advanced classification, which had spread to other portions of plaintiff's mouth as well as to his lymph nodes. As a result, plaintiff had to have surgery to remove part of his tongue, the floor of his mouth and certain lymph nodes.

Plaintiff, and his wife, derivatively, commenced this dental malpractice action against defendant and unknown agents and employees who may have treated plaintiff. Prior to trial, defendant served his expert disclosure upon plaintiffs. Plaintiffs, in turn, made a motion in limine for a *Frye* hearing to exclude certain testimony of defendant's experts concerning the development of plaintiff's cancer. Supreme Court did not find that a *Frye* hearing was necessary and adhered to this ruling at trial when plaintiffs renewed this request at the close of their case. At the conclusion of the trial, the jury found that there had been no deviation from the accepted standard of dental care and rendered a verdict in favor of defendants.

Thereafter, plaintiffs moved pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial based upon the denial of their motion for a *Frye* hearing and the purported admission of unreliable scientific evidence. Supreme Court denied the motion. Plaintiffs appeal from the order denying their motion as well as from the judgment rendered in favor of defendants.

The very narrow issue presented on this appeal is whether Supreme Court erred when it denied plaintiffs' applications for a *Frye* hearing. Initially, we note that " '[t]he admissibility and scope of [expert] testimony is addressed to the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion or an error of law' " (*Jackson v Nutmeg Tech., Inc.*, 43 AD3d 599, 600-601 [2007], quoting *Hudson v Lansingburgh Cent. School Dist.*, 27 AD3d 1027, 1028-1029 [2006]). A *Frye* hearing is appropriate to ascertain the reli-

ability of novel scientific evidence, specifically, to determine " 'whether the accepted techniques, when properly performed, generate results accepted as reliable within the scientific community generally' " (*Parker v Mobil Oil Corp.*, 7 NY3d 434, 446 [2006], quoting *People v Wesley*, 83 NY2d 417, 422 [1994]).

In support of their request for a *Frye* hearing, plaintiffs focus upon the testimony of defendant's experts regarding the stage and cell type of plaintiff's cancer. We note that the challenged testimony concerning the stage of plaintiff's cancer is no longer at issue inasmuch as defendant's expert agreed that plaintiff had stage IV cancer. As for the testimony relating to the cell type and rate of progression of plaintiff's cancer, the testimony of the parties' respective experts differed significantly with respect to these matters. However, there is nothing to indicate that the disagreement was over a particular scientific methodology or technique employed in reaching these contradictory medical conclusions. Inasmuch as plaintiffs are essentially challenging the credibility of the opinions of defendant's medical experts and not the reliability of novel scientific evidence presented (*see e.g. Marsh v Smyth*, 12 AD3d 307, 310-311 [2004]), we find no abuse of discretion in Supreme Court's failure to conduct a *Frye* hearing. In any event, the subject expert testimony was relevant to causation, an issue that the jury did not even reach. We reject plaintiffs' argument that the issues of causation and negligence are inextricably intertwined. Consequently, any error in admitting this testimony was harmless as it would not have affected the jury's verdict finding that defendants did not deviate from the accepted standard of dental care (*see Gilbert v Luvin*, 286 AD2d 600, 600 [2001]; *Ciotti v New York Hosp.*, 221 AD2d 581, 581 [1995]).

Peters, J.P., Carpinello, Kane and Stein, JJ., concur. Ordered that the judgment and order are affirmed, with costs.