■ AMANI ROYAL, an Infant, by Her Mother and Natural Guardian, DANIELLE BOONE, Appellant, v LAURA TYREE et al., Respondents. [937 NYS2d 268]—

The plaintiff was born at Saint Vincent's Medical Center-Staten Island on the morning of August 13, 1999, with extra fingers on her hands and a hole in her heart. The plaintiff later developed microcephaly, which is a smaller-than-average head, and cerebral palsy. The plaintiff's mother subsequently commenced this action on the child's behalf against the defendants, contending that the plaintiff's injuries had been caused by a lack of oxygen in utero during the labor and delivery process.

At trial, the parties presented sharply conflicting expert testimony on the issue of whether the defendant physicians had departed from good and accepted medical practice by failing to perform a cesarean section, and by administering a medication called Pitocin to induce labor. The plaintiff's obstetrics expert testified that fetal heart monitoring strips showed decelerations in heart rate associated with a baby's deprivation of proper oxygenation, and that the defendant physicians departed from accepted medical practice in failing to deliver the plaintiff by cesarean section shortly after the mother arrived at the hospital, and in administering Pitocin, which made the mother's contractions stronger and more frequent. In contrast, the defendants'

obstetrics expert testified that the fetal heart rate monitoring strips demonstrated that fetal oxygenation was normal and that there was nothing on any of the fetal monitoring strips that indicated a need to perform a cesarean section. The defendants additionally presented the testimony of an expert in the field of genetics, who testified that the plaintiff's condition was the result of a genetic syndrome.

The jury returned a verdict finding that neither of the defendant physicians had departed from accepted medical practice in failing to determine that a cesarean section should be performed, and that the defendant Laura Tyree had not departed from accepted medical practice in ordering and continuing the administration of Pitocin. In view of its finding that there had been no departures, the jury did not reach the questions on the verdict sheet relating to whether the alleged departures proximately caused the plaintiff's injuries. Thereafter, the plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial in the interest of justice, contending that there was an insufficient scientific basis for the genetic expert's testimony that the plaintiff's condition was the result of a genetic syndrome, and that admission of this testimony was prejudicial because the issues of negligence and causation were inextricably intertwined. The Supreme Court denied the motion and dismissed the complaint. The plaintiff appeals, and we affirm.

Contrary to the plaintiff's contention, the admission of the geneticist's testimony did not warrant a new trial in the interest of justice. The geneticist's testimony related solely to the issue of causation, an issue that the jury did not reach in view of its finding that the defendant physicians did not depart from accepted medical practice. Further, the issues of negligence and causation were not inextricably intertwined in this case. The jury could separately resolve the issue of whether the fetal monitoring strips showed a lack of proper fetal oxygenation requiring delivery by cesarean section and contraindicating the administration of Pictocin without further determining whether the plaintiff's injuries were caused by a genetic syndrome. Under these circumstances there is no basis for the plaintiff's contention that the admission of the geneticist's testimony affected the jury's verdict exonerating the defendant physicians of medical malpractice (see Page v Marusich, 51 AD3d 1201, 1203 [2008]; Avezzano v Savoretti, 14 AD3d 635 [2005]; Gilbert v Luvin, 286 AD2d 600 [2001]; Ciotti v New York Hosp., 221 AD2d 581 [1995]; cf. Pilecki v William R. Cromwell, M.D., P.C., 300 AD2d 1007, 1008-1009 [2002]). Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.