■ BANK OF NEW YORK, Appellant-Respondent, v JOHN SPADAFORA et al., Defendants, and LUCY SPADAFORA, Respondent-Appellant. [938 NYS2d 200]—

The plaintiff commenced the instant action against, amongst others, the defendant John Spadafora (hereinafter John) seeking to foreclose a mortgage (hereinafter the subject mortgage)

on certain real property allegedly owned by John (hereinafter the subject premises). Sometime thereafter, Lucy Spadafora (hereinafter Lucy), John's wife, was granted leave to intervene in the action as a party defendant, claiming that her signature was forged on the deed by which she allegedly had conveyed title to the subject premises to John (hereinafter the subject deed).

The Supreme Court conducted a nonjury trial, after which it issued a decision in which it explained its conclusion, inter alia, that Lucy's signature on the subject deed was forged, and that title to the subject premises remained with her, but that the plaintiff is entitled to an equitable lien against the subject premises.

Thereafter, the Supreme Court entered a judgment upon the decision in which it declared that both the subject deed and the subject mortgage on the premises are null and void, and dismissed the complaint. The plaintiff appeals from those portions of the judgment. The judgment also, inter alia, imposed an equitable lien against the subject premises in favor of the plaintiff in the sum of $328,796.97. Lucy cross-appeals from that portion of the judgment.

Contrary to the plaintiff's contention, under the circumstances, the Supreme Court providently exercised its discretion in limiting the rebuttal testimony of the plaintiff's handwriting expert (*see Farrell v Gelwan*, 30 AD3d 563, 563-564 [2006]; *American Linen Supply Co. v M.W.S. Enters.*, 6 AD3d 1079, 1081 [2004]; *Gobbelet v Hit Cycle Corp.*, 121 AD2d 682, 683 [1986]; *cf. Simpson v Bellew*, 161 AD2d 693, 698 [1990]), and in refusing to allow two notaries public to testify as rebuttal witnesses (*see Farrell v Gelwan*, 30 AD3d at 563; *see also Hageman v Jacobson*, 202 AD2d 160, 161 [1994]; *Kaminsky v Segura*, 4 Misc 3d 1019[A], 2004 NY Slip Op 50963[U] [2004], *affd* 26 AD3d 188 [2006]).

"In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, bearing in mind that due regard must be given to the decision of a trial judge who was in the position to assess the evidence and the credibility of the witnesses" (*D'Argenio v Ashland Bldg., LLC*, 78 AD3d 758, 758 [2010]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *A. Montilli Plumbing & Heating Corp. v Valentino*, 90 AD3d 961, 961 [2011]).

Here, the Supreme Court's determinations that the signature on the subject deed was forged, rendering it and the subject

mortgage invalid (*see Bryant v Bryant*, 58 AD3d 496, 496 [2009]; *cf. John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 622 [2008]), and that the plaintiff is entitled to an equitable lien against the subject premises (*see King v Pelkofski*, 20 NY2d 326, 333 [1967]; *Federal Natl. Mtge. Assn. v Woodbury*, 254 AD2d 182 [1998]; *cf. Crispino v Greenpoint Mtge. Corp.*, 304 AD2d 608, 609-610 [2003]), are warranted by the facts. Thus, we decline to disturb those determinations. Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.