■ Anita Kozar et al., Respondents, v Christie's, Inc., Defendant, Kenneth J. O'Keefe et al., Respondents, and Mario Cascone et al., Appellants. [971 NYS2d 555]—

In an action, inter alia, for a judgment declaring that the plaintiffs are the rightful owners of a certain painting, the defendants Mario Cascone and Windsor Gallery Corp. appeal, as limited by their brief, from so much a judgment of the Supreme Court, Westchester County (Scheinkman, J.), dated February 17, 2012, as upon a decision of the same court dated January 4, 2012, made after a nonjury trial, in effect, declared the plaintiff Anita Kozar the rightful owner of the subject painting, awarded title and possession of the painting to her, and dismissed their cross claim against the defendants Kenneth J. O'Keefe and Greenwich Antiques & Consignment, Inc.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and

this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that the trial judge had the advantage of seeing the witnesses and hearing the testimony" (*Kausal v Educational Prods. Info. Exch. Inst.*, 105 AD3d 909, 910 [2013], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Bank of N.Y. v Spadafora*, 92 AD3d 629, 630 [2012]).

Contrary to the appellants' contention, the evidence at trial did not establish that they were good faith purchasers of the subject painting under UCC 2-403 (2). UCC 2-403 (2) provides: "Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business." This " 'entruster provision' of the [UCC] is designed to enhance the reliability of commercial sales by merchants (who deal with the kind of goods sold on a regular basis) while shifting the risk of loss through fraudulent transfer to the owner of the goods, who can select the merchant to whom he entrusts his property. *It protects only those who purchase from the merchant to whom the property was entrusted* in the ordinary course of the merchant's business" (*Porter v Wertz*, 53 NY2d 696, 698 [1981] [emphasis added]). Here, the evidence presented at trial supports the conclusion that the appellants did not purchase the subject painting from the "merchant to whom the property was entrusted" (*id.* at 698). Accordingly, we decline to disturb the Supreme Court's determination

The appellants' remaining contentions are either without merit or not properly before this Court. Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.