■ Isabelis M., an Infant, by Her Mother and Natural Guardian, Lucy A., Appellant, v Kimberly Mudge, M.D., et al., Respondents. [988 NYS2d 492]—

Judgment, Supreme Court, Bronx County (John J. Barone, J.), entered October 19, 2012, dismissing the complaint upon a jury verdict in defendants' favor, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 5, 2012, which denied plaintiff's motion to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this action alleging medical malpractice in connection with the prenatal care provided to plaintiff by defendant doctor, we perceive no basis for disturbing the jury's verdict crediting the testimony of defendant doctor as well as that of defendants' expert obstetrician. Defendant doctor and her expert determined that ordering urinalysis testing, rather than a urine culture, was appropriate under the circumstances and was the proper standard of care during plaintiff's treatment. Although plaintiff's expert disagreed, the weight to be accorded the conflicting expert testimony is within the province of the jury (*see Torricelli v Pisacano*, 9 AD3d 291 [1st Dept 2004], *lv denied* 3 NY3d 612 [2004]).

The testimony of defendants' expert neonatologist was properly admitted and was not cumulative. Even assuming that it was error to permit this testimony, the error was harmless since the testimony was relevant to the issue of causation, an issue not reached by the jury since it found that defendants were not negligent (*see Gilbert v Luvin*, 286 AD2d 600 [1st Dept 2001]).

We have reviewed plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.