■ In the Matter of CHRYSTAL M. BATHJER, Respondent, v JAAVEL L. McCRAE, Appellant. [24 NYS3d 217]—

Appeal from an order of the Family Court, Suffolk County (Linda M. Boggio, Ct. Atty. Ref.), dated January 5, 2015. The order, insofar as appealed from, after a hearing, granted the mother's cross petition to modify a prior so-ordered stipulation of custody and visitation so as to award her sole custody of the subject children and to permit her to relocate with the children, and denied the father's petition to modify the stipulation so as to award him sole custody of the children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The mother and the father, who were never married, have three children together. In 2012, the mother, along with the children, moved to Florida. Pursuant to a prior so-ordered stipulation, the parties agreed, inter alia, that they would have

joint legal custody of the children, that the mother would have residential custody of the children, and that the father would have visitation with the children in Florida two weekends per month. The father petitioned, inter alia, to modify the stipulation so as to award him sole custody of the children in New York. The mother cross-petitioned to modify the stipulation so as to award her sole custody of the children in Florida. After a hearing, the Family Court, which treated the mother's cross petition as a de novo relocation petition, granted her cross petition and denied the father's petition, but awarded the father liberal visitation. The father appeals.

In determining whether relocation is appropriate, each "request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]). The relevant factors include " 'each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and both parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements' " (*Matter of Estevez v Perez*, 123 AD3d 707, 708 [2014], quoting *Matter of Hall v Hall*, 118 AD3d 879, 880-881 [2014]; *see Matter of Tropea v Tropea*, 87 NY2d at 739-740).

Here, sound and substantial evidence supported the Family Court's determination that a change in circumstances justified the award of sole custody to the mother and permission to relocate with the children, as such a modification was in the best interests of the children (*see Matter of Hall v Hall*, 118 AD3d at 882-883; *Matter of Davis v Ogden*, 109 AD3d 539, 539 [2013]; *Matter of Hamed v Hamed*, 88 AD3d 791, 792 [2011]).

The father's contention that the Family Court improvidently exercised its discretion in making its determination without conducting an in camera interview of the subject children is without merit (*see Matter of Son v Ramos*, 117 AD3d 745, 746-747 [2014]; *Matter of Asgedom v Asgedom*, 51 AD3d 787, 788 [2008]).

The father's remaining contentions are without merit. Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.