Gerner v Stalvey (2019 NY Slip Op 05529)





Gerner v Stalvey


2019 NY Slip Op 05529


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-02801
 (Index No. 23742/14)

[*1]In the Matter of Robert Gerner, appellant,
v
Lindsay Stalvey, respondent.


Friedman & Friedman, Garden City, NY (Latonia Early of counsel), for appellant.
Judd & Moss, P.C., Ronkonkoma, NY (Francine H. Moss of counsel), for respondent.
Arza Rayches Feldman, Uniondale, NY, attorney for the child.



DECISION & ORDER
In a proceeding, inter alia, in effect, pursuant to Domestic Relations Law §§ 70 and 240 to award the father custody of the parties' child, the father appeals from an order of the Supreme Court, Suffolk County (Cheryl A. Joseph, J.), dated March 1, 2018. The order, insofar as appealed from, after a hearing, in effect, denied the petition and granted those branches of the mother's cross motion which were for sole legal and physical custody of the child and for leave to relocate to South Carolina with the child, continued a prior order of the same court dated January 22, 2015, requiring the father to pay the mother child support in the amount of $500 per week, and awarded the mother $20,000 in attorney's fees.
ORDERED that the order dated March 1, 2018, is affirmed insofar as appealed from, with costs.
The parties are the unmarried parents of the subject child, born in 2011. The parties met in South Carolina, where the mother lived with the child's maternal grandmother. The mother was living in South Carolina when she found out that she was pregnant with the subject child, and she moved to New York during the course of her pregnancy. Following the child's birth, the parties resided together with the child in New York. After an altercation between the parties in November 2014, which culminated in the father's arrest and the issuance of an order of protection in favor of the mother, the mother relocated with the child to South Carolina.
Thereafter, in December 2014, the father commenced this proceeding, inter alia, in effect, pursuant to Domestic Relations Law §§ 70 and 240 to award him custody of the parties' child The mother, who had returned to New York with the child, cross-moved, among other things, for sole legal and physical custody of the child and for leave to relocate to South Carolina with the child. The Supreme Court held a hearing on nonconsecutive days between September 2016 and October 2017. In an order dated March 1, 2018, the court, in effect, denied the father's petition and granted those branches of the mother's cross motion which were for sole legal and physical custody of the child and for leave to relocate to South Carolina with the child. The court also continued a prior order of the same court dated January 22, 2015, requiring the father to pay the mother child support in the amount of $500 per week, and awarded the mother $20,000 in attorney's fees. The father appeals.
There was a sound and substantial basis in the record for the Supreme Court's [*2]determination to award the mother sole legal and physical custody of the child with permission to relocate with the child to South Carolina, as the evidence showed that such determination was in the best interests of the child (see Matter of Bathjer v McCrae, 136 AD3d 688, 689; cf. Matter of Doyle v Debe, 120 AD3d 676, 628; see generally Matter of Tropea v Tropea, 87 NY2d 727).
We also agree, notwithstanding the father's contention, with the Supreme Court's determination to preclude him from presenting a rebuttal case during the hearing. The presentation of rebuttal evidence rests within the sound discretion of the court, and the court's determination in that regard should not be disturbed on appeal absent an improvident exercise of discretion (see Farrell v Gelwan, 30 AD3d 563, 564). Based on the father's offer of proof to the court, the rebuttal evidence either should have been presented on his direct case, or was collateral to the issues to be decided.
Moreover, the Supreme Court did not improvidently exercise its discretion in determining, based on the father's offer of proof, that the testimony and report of the private investigator he hired to conduct surveillance on the mother while she was on vacation was irrelevant, and thus inadmissible (see Mazella v Beals, 27 NY3d 694, 709).
Moreover, we find no reason to disturb either the Supreme Court's continuation of the prior order of child support dated January 22, 2015, requiring the father to pay the mother child support in the amount of $500 per week (see e.g. Matter of Pauls v Neathery, 149 AD3d 950, 952), or the award of attorney's fees to the mother (see Patete v Rodriguez, 109 AD3d 595, 599).
The father's remaining contentions either are without merit or have been rendered academic in light of our determination.
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court